IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS BAQUERA, *et al.*,

      Plaintiffs,

    v.                                                                                            Case No. 2:24-cv-01297 KWR/JHR

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF DOÑA ANA,
CITY OF SUNLAND PARK,
CAMINO REAL REGIONAL UTILITY AUTHORITY, and
BRENT WESTMORELAND,

      Defendants.

## ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand **(Doc. 14)**. Plaintiffs request the Court remand this case for lack of subject matter jurisdiction. This case was removed solely on the basis of federal question jurisdiction. *See* Notice of Removal, Doc. 1 at ¶ 5. After the case was removed, Plaintiffs filed an amended complaint omitting the federal claims Defendants relied upon in removal. Plaintiffs now seek to remand the case for lack of subject matter jurisdiction, as the operative complaint does not support federal question jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41 (2025) (explaining that a removed case must be remanded if an amended complaint no longer supports subject matter jurisdiction). Defendant City of Sunland Park ("Sunland Park") opposes remand, asserting that a substantial federal question exists under *Grable*. As explained below, the Court lacks federal question jurisdiction (and subject matter jurisdiction) as there is no substantial federal question. Therefore, the Court grants the Motion to Remand and remands this case to the Third Judicial

District, Doña Ana County, New Mexico, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs allege that Camino Real Regional Utility Authority ("CRRUA") supplied arsenic-contaminated drinking water to New Mexico residents in violation of New Mexico law. Second Amended Complaint ("SAC"), Doc. 13 at ¶1.

In their Second Amended Complaint, Plaintiffs assert the following state-law claims:

Count I – Negligence under the New Mexico Tort Claims Act, NMSA 1978 § 41-4-8, including *Res Ipsa Loquitur* and *Respondeat Superior*.

Count II – Public Nuisance under the NMCRA, NMSA 1978 § 30-8-1.

Count III – Private Nuisance.

Count IV – Trespass under NMSA 1978 § 41-4-6.

Count V – New Mexico Constitutional Claims (NMSA 1978 § 41-4A-3).

Count VI – Unfair Practices Under the NMCRA, NMSA 1978 § 57-12-1 to 26.

Count VII – Breach of Contract under the NMCRA, NMSA 1978 § 57-12-1 to 26.

Underlying each claim is the allegation that Plaintiffs expected clean and safe water, but Defendant CCRUA allegedly sold water that was contaminated with arsenic and unsafe. Although Plaintiffs did not assert any federal claims, a few factual paragraphs in the complaint referenced alleged violations of EPA standards regarding the appropriate level of arsenic in drinking water. *See, e.g.,* SAC, Doc. 13 at ¶¶ 30-34.

This case was filed in New Mexico state court. Plaintiffs included claims for violations of the United States Constitution under § 1983. Defendants removed this case to federal district court, citing to the two federal constitutional claims under § 1983. *See* Notice of Removal, Doc. 1 at ¶ 5.

Subsequently, Plaintiffs filed an unopposed motion to amend the complaint. The motion was granted, and Plaintiffs filed their Second Amended Complaint omitting the § 1983 federal constitutional claims.

## DISCUSSION

Plaintiffs argue that the Court should remand this case for lack of subject matter jurisdiction. Plaintiffs assert that the Court lacks federal question jurisdiction as they only assert state law claims. The Court agrees and remands this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

This case was removed solely on the basis of federal question jurisdiction. No party has argued the Court has diversity jurisdiction over this case. Moreover, the parties appear to agree that Plaintiffs' operative complaint does not contain any federal claims. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41 (2025) (where amended complaint omits federal claims, court should remand case). Nevertheless, Defendant Sunland Park asserts that federal question jurisdiction exists pursuant to the substantial federal question doctrine under *Grable*, as several paragraphs of the SAC reference that the arsenic level in the drinking water was above EPA guidelines.

At issue is whether Plaintiffs' citations to EPA testing on arsenic levels and EPA guidelines creates a substantial federal question under *Grable*. *See, e.g.,* SAC, Doc. 13 at ¶¶ 30-34. The Court concludes it does not.

A defendant can remove a civil case brought in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a).  There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001).

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). "As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence." *Id.*; *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) (emphasizing the burden is on the party opposing a motion to remand to state court to show jurisdiction by a preponderance of the evidence).

Defendant Sunland Park asserts the court has federal question jurisdiction over this case. District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff [ ] [is] aggrieved." *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) (citing *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)).

"[F]ederal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383, 136 S.Ct. 1562, 194 L.Ed.2d 671 (2016). The creation test "accounts for the vast bulk of suits that arise under federal law." *Gunn*, 568 U.S. at 257, 133 S.Ct. 1059. A federal district court has jurisdiction over cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, if the federal question does not appear on the face of the plaintiff's complaint, there is no federal question jurisdiction. *See Garley*, 236 F.3d at 1207. In determining whether a claim arises under federal law, courts examine the well-pleaded allegations of the

complaint and ignore potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

"As a result, the well-pleaded complaint rule is a 'powerful doctrine' that severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1255 (10th Cir. 2022), *quoting in part Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Here, Plaintiffs only assert state law claims. Nevertheless, Defendant Sunland Park argues that there is federal question jurisdiction because Plaintiffs' state law claims "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Under the *Grable* doctrine, "a federal court [is] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). But this circumstance describes a "special and small category" of cases. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006).

Defendant Sunland Park asserts that Plaintiffs raised a substantial federal question because they allege that Defendants released water with arsenic levels exceeding EPA guidelines.

5

First, any federal issues are not necessarily raised. To determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." *Gilmore*, 694 F.3d at 1173 (quoting *Grable*, 545 U.S. at 315, 125 S.Ct. 2363). For example, in *Grable*, the Court exerted federal-question jurisdiction over a state court action because the meaning of a federal statute "appear[ed] to be the only legal or factual issue contested." 545 U.S. at 315, 125 S.Ct. 2363.

Here, Defendant Sunland Park has not demonstrated that any federal issues are necessarily raised, *i.e.,* that a federal question is an essential element of Plaintiffs' claim. Plaintiffs solely assert state-law claims against Defendants, such as negligence, nuisance, trespass, New Mexico constitutional claims, and violation of the New Mexico Unfair Practices Act. Plaintiffs allege that CRRUA knowingly sold and distributed arsenic-contaminated water to Plaintiffs, causing them harm. Plaintiffs can prevail on these claims without proving any issue of federal law and without depending on federal policy or regulation. Defendant Sunland Park has not argued demonstrated that Plaintiffs can *only* prove unsafe drinking water by reference to EPA guidelines and regulations. Although Plaintiffs note that Defendants released arsenic levels above EPA levels, these are simply "'available criter[ia] for determining whether' Defendants are liable, but their liability, if any, does not hinge *exclusively* on federal law." *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1252 (D.N.M. 2018), *quoting in part Merrell Dow*, 478 U.S. at 807, 106 S.Ct. 3229. Defendant asserts that determining the proper remedy for violation of federal regulations is a federal question. But Plaintiffs do not necessarily rely upon a violation of federal regulations to prove their claims.

Even where the complaint alleges that arsenic levels exceeded EPA guidelines, Plaintiffs may be entitled to relief under New Mexico law alone. Although the complaint references that

6

CRRUA exceeded EPA safe levels for arsenic, Plaintiffs' claims do not appear to depend on any federal law or issue. Rather, Plaintiffs argue that Defendants violated state law by failing to provide safe and clean water, which could be proven independent of any federal question.

Even assuming Defendant Sunland Park identified a federal issue that is a necessary element, Defendant Sunland Park has not demonstrated that any federal issues are substantial. "As explained in *Grable* and *Gunn*, courts should look to the importance of the issue to the federal system to determine whether it is substantial." *Suncor Energy (U.S.A.) Inc.*, 25 F.4th at 1267–68, *citing Gunn*, 568 U.S. at 260, 133 S.Ct. 1059; *Grable*, 545 U.S. at 310, 125 S.Ct. 2363. "The Supreme Court suggested in *Merrell Dow* that courts should also consider whether the relevant federal law provides a private right of action or preempts state causes of action." *Id.*

To satisfy *Grable*'s "substantial" prong, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260, 133 S.Ct. 1059. "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*; *see Grable*, 545 U.S. at 310, 125 S.Ct. 2363 (holding "that the *national interest* in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction." (emphasis added)). For example, "*Grable* presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous ... cases." *McVeigh*, 547 U.S. at 700, 126 S.Ct. 2121 (quoting R. Fallon, et al., Hart & Wechsler's the Federal Courts and the Federal System 65 (2005 Supp.)). "In contrast, resolution of claims that are 'fact-bound and situation-specific' would not have this precedential effect and would be insufficiently substantial." *Suncor Energy (U.S.A.) Inc.*, 25 F.4th at 1268.

Here, although Plaintiffs plead that Defendants exceeded EPA arsenic drinking water guidelines, they do not appear to rely on the violation of any EPA regulations to prove their claims.

7

"To the extent federal issues may be injected into the proceedings, it is nevertheless likely that state issues will still predominate because the [Plaintiffs] have pleaded only state-law claims. Regardless, the injection of those federal issues would at most require a fact-specific application of rules that come from both federal and state law. Such a case fails the important national interest test for substantiality." *Suncor Energy (U.S.A.) Inc.*, 25 F.4th at 1269. Here, any federal issue does not appear to be substantial or so important to the national interest to confer federal jurisdiction.

Moreover, "a federal issue may also be substantial when the relevant federal law provides a private right of action or preempts state remedies." *Suncor Energy (U.S.A.) Inc.*, 25 F.4th at 1269, *citing Grable*, 545 U.S. at 316, 125 S.Ct. 2363 (citing *Merrell Dow*, 478 U.S. at 812, 106 S.Ct. 3229). Here, Defendant Sunland Park has not argued or otherwise demonstrated that federal law provides a private right of action or completely preempts state law. The Court therefore assumes for the purpose of this ruling that federal law does not completely preempt state law in this dispute or provide a private cause of action. Because Defendant Sunland Park has the burden to prove jurisdiction here, the Court concludes it has not carried its burden.

Therefore, any "federal interest is not critical enough to trigger substantial-question jurisdiction because... whatever federal issues exist do not fundamentally change the state tort nature of the action." *Suncor Energy (U.S.A.) Inc.*, 25 F.4th at 1270 (internal quotation marks and citation omitted).

As explained above, the Court lacks subject matter jurisdiction over this case and therefore remands this case pursuant to § 1447(c). Plaintiffs only pleaded state law claims, and no substantial federal issues are raised in the Second Amended Complaint. Therefore, the Court grants the Motion to Remand and remands this case to the Third Judicial District, Doña Ana County, New Mexico, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 14)** is **GRANTED** for the reasons described in this order. The Clerk of Court is directed to take the necessary actions to remand this case to the Third Judicial District, Doña Ana County, New Mexico.

       /S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE